UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
WESTERN DIVISION

| | | |
|---|---|---|
| CRYSTAL F. STATLER; ANNA M. APPLEGATE; and KARA L. RANDEN, | ) ) ) ) | Civ. 06-5003 |
| Plaintiffs, | ) ) ) | MEMORANDUM OPINION AND ORDER |
| vs. | ) ) | |
| BUFFALO-BODEGA COMPLEX, INC.; JOHN MCGILL, in his individual capacity, and ALLEN ROSENFELD, in his individual capacity, | ) ) ) ) | |
| Defendants. | ) | |

Pending before the Court is a motion for summary judgment [doc. #51], filed by Defendant Allen Rosenfeld. Rosenfeld filed a memorandum in support of the motion, and the Plaintiffs filed a memorandum and statement of material facts in opposition to the motion. The time for Rosenfeld's reply has passed, and this matter now is ripe for disposition.

**I. Background**

Rosenfeld is the owner and principal shareholder of the Defendant Buffalo-Bodega Complex, Inc. (Bodega), a South Dakota corporation that runs a bar/casino/restaurant business in Deadwood, South Dakota. Defendant John McGill managed the Bodega and acted as the Plaintiffs' supervisor. The Plaintiffs claim McGill sexually harassed them during their employment with the Bodega. The Plaintiffs informed Rosenfeld, who investigated the incidents, consulted an attorney, and decided to terminate McGill's employment. McGill, however, remained employed by or affiliated with the Bodega due to his business relationship with Rosenfeld, and continued to frequent the Bodega premises and allegedly harass, intimidate,

and act in a hostile manner toward the Plaintiffs. During this time period, the Plaintiffs' hours were reduced. The Plaintiffs' employment at the Bodega ended in February 2005, approximately four months after they complained about McGill's inappropriate conduct. The Plaintiffs claim Rosenfeld told Statler that, "as a result of her complaints about Defendant McGill's conduct, she would 'have to deal with' Meg McDon[ough][1] as bar manager" and that Statler "did not have a case." See doc. #62 ¶¶ 21-22. The Plaintiffs assert that Rosenfeld terminated Statler and Randen in February 2005. The Plaintiffs also claim Rosenfeld made inappropriate comments to Statler.

The Plaintiffs filed the instant lawsuit, alleging sexual harassment under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2, sexual harassment under SDCL 20-13-10, retaliation under Title VII, 42 U.S.C. § 2000e-3, and assault. In a previous Memorandum Opinion and Order, the Court concluded that Rosenfeld could be sued in his individual capacity under the South Dakota Human Relations Act, SDCL 20-13-10. The Court held that, unlike claims under Title VII in which only "employers" and not individual employees may be held liable, SDCL 20-13-10 permitted plaintiffs to make claims against individuals due to its language prohibiting discrimination by any "person." The Court granted Rosenfeld's motion to dismiss the Title VII claims against him in his individual capacity, but denied the motion as to the claim against him under SDCL 20-13-10 in his individual capacity. Rosenfeld now moves for summary judgment, arguing the facts of this case do not support a claim against him for an unfair or discriminatory practice under South Dakota law.

## II. Discussion

---

[1] In the Complaint and other documents in this case, this person's name is listed as "Meg McDonald," "Meg McDonough," and "Ms. Donough." Because this spelling does not appear to be material, the Court will use the name "McDonough" when referring to this person.

A.   **Summary Judgment Standard**

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c).  In determining whether summary judgment should issue, the facts and inferences from those facts are viewed in the light most favorable to the nonmoving party, and the burden is placed on the moving party to establish both the absence of a genuine issue of material fact and that such party is entitled to judgment as a matter of law.  Id.; Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986).  Once the moving party has met this burden, the nonmoving party may not rest on the allegations in the pleadings, but by affidavit or other evidence must set forth *specific* facts showing that a genuine issue of material fact exists. In determining whether a genuine issue of material fact exists, the Court views the evidence presented based upon which party has the burden of proof under the applicable substantive law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252 (1986).

The Supreme Court has instructed that summary judgment "is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which are designed to 'secure the just, speedy, and inexpensive determination of every action.'" Celotex Corp. v. Catrett, 477 U.S. 317, 327 (1986) (quoting Fed. R. Civ. P. 1).  The nonmoving party "must do more than show that there is some metaphysical doubt as to the material facts," and "[w]here the record as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'"  Matsushita, 475 U.S. at 586-87.

B.   **Summary Judgment Arguments**

Rosenfeld argues summary judgment is proper as to any claims against him in his individual capacity. Rosenfeld asserts that the only paragraph in the Complaint ascribing conduct to him, paragraph 20, merely states "[t]hat Defendant Rosenfeld also made inappropriate comments. Among other things, he stated that, as a result of Plaintiff Statler's complaint, she would 'have to deal with' Ms. McDonough as bar manager and that she did not have a case." This language, Rosenfeld contends, describes no unfair or discriminatory practice under SDCL Chapter 20-13 committed against Statler, and contains no allegation at all with regard to Applegate or Randen. Rosenfeld points out that Statler admitted in her deposition that Rosenfeld never made comments of a sexual nature toward her.

The Plaintiffs respond by reiterating the actions in which the Defendants were involved as related to this case. The Plaintiffs contend that, while Rosenfeld "may not have made sexually inappropriate comments to the Plaintiffs, there is no question that he 'discharged[d]' at least two of the Plaintiffs," in violation of SDCL 20-13-10. The Plaintiffs argue that Rosenfeld allowed McGill to continue working at the Bodega, which constituted "aid[ing] and abett[ing] in McGill's discrimination against the Plaintiffs" which, the Plaintiffs contend, violated SDCL 20-13-26. The Plaintiffs direct the Court's attention to two letters the Bodega's former attorney sent to the company,[2] apparently attempting to sway the Court into believing that because Rosenfeld and the Bodega did not act in the way the attorney advised, they are guilty of violating the South Dakota Human Relations Act. The Plaintiffs also assert that Rosenfeld should not have

---

[2]As noted in a previous order, doc. #59, these letters were disclosed during a previous EEOC investigation, and that disclosure waived any privilege as to the two letters themselves. However, their disclosure did not destroy work-product protection as to other similar correspondence between the Bodega and its attorneys.

terminated Statler and Randen in February 2005, stating there exists a genuine issue of material fact as to whether Rosenfeld discharged Statler and Randen in violation of SDCL 20-13-10.

**C. Claim by Plaintiff Statler**

The entirety of the claims in the Complaint alleging wrongful conduct by Rosenfeld is paragraph 20, which states as follows: "That Defendant Rosenfeld also made inappropriate comments. Among other things, he stated that, as a result of Plaintiff Statler's complaint, she would 'have to deal with' Ms. McDonough as bar manager and that she did not have a case." The only other times the Complaint even states Rosenfeld's name were in various paragraphs alleging that the Plaintiffs complained to Rosenfeld about McGill, that Rosenfeld consulted the Bodega's former attorney, or that Rosenfeld acted after receiving advice from that attorney. The Plaintiffs' claim against Rosenfeld in his individual capacity, Count II, lists as its basis SDCL 20-13-10. Rosenfeld's name is not listed within the paragraphs constituting Count II, but this Count incorporates the preceding paragraphs 1-51 of the Complaint. Accordingly, the only allegation against Rosenfeld individually is that contained in paragraph 20.

Pursuant to SDCL 20-13-10, "[i]t is an unfair or discriminatory practice for any person, because of . . . sex . . . to discharge an employee, or to accord adverse or unequal treatment to any person or employee with respect to . . . training, apprenticeship, tenure, promotion, upgrading, compensation, layoff, or any term or condition of employment." The Court previously held that the "any person" language in the statute permitted the Plaintiffs to avoid dismissal of the claim against Rosenfeld individually because the statute may allow individuals to be sued. However, the Plaintiffs are unable to avoid summary judgment, for they have failed to present evidence of conduct by Rosenfeld that violated the statute. The Plaintiffs have not presented a genuine issue

of material fact as to whether Rosenfeld himself engaged in an unfair or discriminatory practice based on the Plaintiffs' sex.  The only thing the Plaintiffs allege in the Complaint is that Rosenfeld made inappropriate comments about how Statler would have to deal with McDonough.  These comments are not discriminatory on their face, and the Plaintiffs have not provided evidence of other inappropriate comments by Rosenfeld.  Further, Statler admitted in her deposition that Rosenfeld "never" made any comments "[o]n a sexual manner [or] things of that nature."[3]  The Complaint alleged no other wrongful conduct by Rosenfeld.  The statute requires discriminatory conduct by a defendant based on sex, and no such conduct occurred, by Statler's own admission.  The Plaintiffs also have failed to present evidence that, even assuming Rosenfeld fired Statler (or any one of them), such termination was based on sex.  Thus, the Plaintiffs have failed to establish a genuine issue of material fact as to whether Rosenfeld violated SDCL 20-13-10 with regard to Statler.

**D.    Claim by Plaintiffs Randen and Applegate**

As noted above, Rosenfeld briefly addresses potential claims against him by Randen and Applegate.  Rosenfeld points out that the Complaint contains no allegations of conduct by him directed at Randen or Applegate.  Thus, Rosenfeld alternatively requests partial summary judgment on Count II of the Complaint as to these two Plaintiffs.  The Plaintiffs respond by pointing to Rosenfeld's alleged termination of *Statler* (not Applegate) and Randen in February 2005 as further evidence that Rosenfeld violated SDCL 20-13-10.  The Plaintiffs also make the

---

[3] Although Rosenfeld did not provide Statler's deposition transcript (or relevant portions thereof), this language is quoted from his memorandum in support of summary judgment.  In their opposition memorandum, doc. #61 at 5, the Plaintiffs concede that Statler agreed that "Rosenfeld did not make sexually inappropriate comments to her."

additional argument that Rosenfeld retaliated against Statler and Randen.

Rosenfeld is correct in asserting that the Complaint contains no allegation of conduct by him that was directed at Randen or Applegate. Although the Plaintiffs now allege, in their depositions and affidavits, that Rosenfeld failed to keep McGill out of the Bodega and that Rosenfeld terminated Statler and Randen, the Complaint presents no claim based upon that conduct. The only allegation in the Complaint regarding conduct by Rosenfeld is that he made inappropriate comments to Statler. The alleged comments had nothing at all to do with Randen and Applegate. In fact, Randen and Applegate, in the Complaint, make no claim or allegation of misconduct by Rosenfeld against them at all. As to these two Plaintiffs (Randen and Applegate), the only evidence presented shows that Randen may be attempting to present a claim for retaliation against Rosenfeld. However, no such claim was presented in the Complaint. Furthermore, none of the materials submitted with regard to the instant motion for summary judgment direct the Court to evidence that would support any sort of claim by Applegate against Rosenfeld. Accordingly, summary judgment for Rosenfeld is proper as to any alleged claims Randen and Applegate now seek to present.

**D.  SDCL 20-13-26**

The Plaintiffs' response memorandum makes repeated reference to SDCL 20-13-26 as additional authority for their claims against Rosenfeld. However, to the extent the Plaintiffs allege that Rosenfeld is liable under SDCL 20-13-26, they have presented no such claim in their Complaint. The Plaintiffs' Complaint presents only a claim under SDCL 20-13-10. Count II of the Complaint, as noted above, states that Rosenfeld violated *SDCL 20-13-10* by making inappropriate comments about how Statler would have to deal with McDonough. This Count,

7

which does not cite to *SDCL 20-13-26*, was not sufficient to put Rosenfeld on notice that the Plaintiffs were making a claim against him under that statute.  Count II is not specific enough to allege, even by implication, a violation of section 20-13-26.  Cf. Murphy v. White Hen Pantry Co., 691 F.2d 350, 353 (7th Cir. 1982) ("The district court is not required, however, to speculate over the nature of the plaintiffs' claim or to refuse to enter summary judgment for the defendant simply because the plaintiffs may, theoretically, be entitled to recover under a cause of action based on facts never alleged in the complaint.").  The Court will not allow the Plaintiffs to enlarge the basis for their claims based on arguments made in response to a motion for summary judgment.  The Plaintiffs did not seek leave to amend the Complaint before the summary judgment stage, and nothing before the Court supports permitting the amendment based on the Plaintiffs' memorandum in response to summary judgment.  See, e.g., Bediako v. Stein Mart, Inc., 354 F.3d 835, 840-41 (8th Cir. 2004) (noting that, where a theory of recovery was not raised in the initial or amended complaint, the defendant had not been placed on notice of the proposed claim, discovery had closed, and the defendant had moved for summary judgment, the district court did not abuse its discretion by denying the plaintiff's request to amend and add a new legal theory); Monarch Const., Inc. v. Cooper, No. 8:04CV519, 2005 WL 3556407, at *2 (D. Neb. Dec. 27, 2005) (same).  At this stage of the litigation, the Court will not permit the Plaintiffs to seek recovery for claims not alleged or even contemplated in the language of their Complaint.

### III.  Conclusion

Summary judgment is proper on all the Plaintiffs' claims or potential claims against Rosenfeld in his individual capacity under SDCL chapter 20-13.  Statler admitted that Rosenfeld never made any comments of a sexual nature toward her, and she has not presented evidence that

any action Rosenfeld allegedly took was based on sex, as required under SDCL 20-13-10. The Complaint presents no claim by Randen and Applegate against Rosenfeld, including any potential claim Randen may now seek to introduce against Rosenfeld for retaliation under South Dakota law. Finally, the Plaintiffs have not raised any claim pursuant to SDCL 20-13-26, and the Court will not permit them to amend the Complaint to present such a claim at this time. Summary judgment is proper as to all claims against Rosenfeld in his individual capacity. Accordingly, it is hereby

ORDERED that Defendant Allen Rosenfeld's motion for summary judgment [doc. #51] is GRANTED. Accordingly, all claims against Rosenfeld in his individual capacity are DISMISSED.

Dated this 30th day of January, 2007.

BY THE COURT:

/s/ *Andrew W. Bogue*
ANDREW W. BOGUE
SENIOR DISTRICT JUDGE