UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | |
|---|---|
| CRYSTAL F. STATLER; ANNA M. APPLEGATE; and KARA L. RANDEN, <br><br>      Plaintiffs, <br><br> vs. <br><br>BUFFALO-BODEGA COMPLEX, INC.; and JOHN MCGILL, in his individual capacity; <br><br>      Defendants. | CIV. 06-5003-AWB <br><br>**ORDER GRANTING PLAINTIFFS' MOTION FOR ATTORNEY FEES** |

Plaintiffs have filed a motion with this Court requesting an award of attorney fees in the above-captioned action. Docket 125. The matter is now ripe for disposition. For the reasons stated below, the Court grants Plaintiffs' motion.

## BACKGROUND

Plaintiffs filed this action against John McGill and Buffalo-Bodega Complex, Inc., alleging claims under both state law and Title VII based on McGill's sexual harassment of all three Plaintiffs. Docket 1. On September 29, 2008, this Court granted Plaintiffs' motion for default judgment against both Defendants. Docket 115. Accordingly, on October 1, 2008, the Court entered a judgment in favor of Plaintiffs and against Defendants Buffalo-Bodega Complex, Inc. and John McGill. Docket 117. On October 8, 2008, in accordance with Federal Rule of Civil Procedure 54(d), Plaintiffs filed an application for attorney fees along with supporting affidavits. Docket 125, 126. Defendant John McGill has recently sent

a letter to the Court contesting Plaintiffs' claim for attorneys fees.  Docket 127.
Since Plaintiffs' motion, Defendant Buffalo-Bodega has not filed any response to
Plaintiffs' request for attorney fees.

**DISCUSSION**

**A.  Defendant John McGill**

Plaintiffs' successful claims against McGill were brought under state law only, as federal claims under Title VII are available only against an employer.  See Docket 115, page 7 (finding that McGill violated SDCL 30-13-10 and was liable for compensatory damages under SDCL 20-13-35.1).  SDCL 20-13-35.1 discusses attorneys fees and costs in civil rights matters brought under South Dakota state law.  State law provides that "[a]ttorneys' fees and costs may be awarded to the prevailing party *for housing matters*."  SDCL 20-13-35.1.  As this matter is an employment discrimination case, not a housing discrimination case, the Court concludes that Defendant McGill, who was only liable under the state law claims, cannot be deemed responsible to pay any of Plaintiffs' attorney fees.

**B.  Defendant Buffalo-Bodega Complex, Inc.**

Regarding the successful Title VII claims, the Court believes that Plaintiffs are entitled to attorney fees from Buffalo-Bodega.  The prevailing party in a Title VII case "is to be awarded attorney's fees in all but special circumstances."  Kline v. City of Kansas City, Mo., Fire Dept., 245 F.3d 707, 708 (8th Cir. 2001) (citations omitted); see also 42 U.S.C. § 2000e-5(k).  The Court does not believe that any special circumstances exist here to bar the Plaintiffs from an award of attorney

2

fees, nor does either Defendant provide such an argument.  This was an ordinary Title VII case where Plaintiffs successfully demonstrated that their supervisor sexually harassed them and that their employer was liable for that harassment under Title VII.  See Dominic v. DeVilbiss Air Power Co., 493 F.3d 968, 973 (8th Cir. 2007); Baker v. John Morrell & Co., 382 F.3d 816, 819 (8th Cir. 2004).  Further, even though some amount of the Plaintiffs' attorneys' work was done to establish Defendant McGill's sexually harassing behavior, for which he was ultimately found liable on state law grounds, Title VII claims also require that the plaintiffs establish the existence of sexual harassment.  In other words, to be a prevailing party under Title VII, a plaintiff must establish that sexual harassment occurred, which may incidentally result in successful state law claims against the actual harassing party.  See Passantino v. Johnson & Johnson Consumer Products, Inc., 212 F.3d 493 (9th Cir. 2000) (awarding attorney fees for all claims because "in order to prevail on her retaliation claims, [Plaintiff] had to prove" other claims); see also Munson v. Milwaukee Bd. of School Directors, 969 F.2d 266, 272 (7th Cir. 1992) (finding that when the federal and state claims "are factually or legally related, they should be treated as one action for purposes of § 1988 fee awards").  Because of this unavoidable connection between the state and federal claims, the Court concludes that Defendant Buffalo-Bodega owes attorney fees for the entirety of the work of Plaintiffs' attorneys, as the work that Plaintiffs' attorneys did to prove their state law claims against McGill is subsumed within the attorney fees generated in establishing a Title VII violation.  See Hensley v.

3

Eckerhart, 461 U.S. 424, 435, 103 S. Ct. 1933, 76 L. Ed. 2d 40 (1983) (stating that when other claims "involve a common core of facts" or are "based on related legal theories" the court should focus on the overall relief instead of dividing the attorney's hours into a "series of discrete claims"). For these reasons, the Court believes that Plaintiffs are entitled to an award of attorney fees against Buffalo-Bodega.

Regarding the requested amount of such an award, Plaintiffs' attorneys in his motion seek $71,090. Specifically, Plaintiffs' claims are as follows:

**Partner attorney**
| | | |
|---|---|---|
| John Burke | 317.6 hours at $200 per hour = | $63,520.00 |
| Greg Bernard | 18.7 hours at $200 per hour = | $3740.00 |
| Timothy Thomas | 3.3 hours at $200 per hour = | $660.00 |
| | 339.6 hours | $67,920.00 |

**Associate attorney**
| | | |
|---|---|---|
| Michelle Bratton | 7.9 hours at $125 per hour = | $987.50 |
| Kirsten Taggart | 3.4 hours at $125 per hour = | $425.00 |
| Erik Olsen | 1.1 hours at $125 per hour = | $137.50 |
| Mike Booher | 1.2 hours at $125 per hour = | $150.00 |
| | 13.6 hours | $1700.00 |

**Paralegal**
| | | |
|---|---|---|
| Vanessa Lapka | 19.6 hours at $75 per hour = | $1470.00 |

42 U.S.C. § 2000e-5(k) provides that a court may award a prevailing party "a reasonable attorney's fee." In evaluating the reasonableness of the fees requested by an attorney, the Court is to consider twelve factors discussed in Hensley v. Eckerhart.

> The twelve factors are: (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of employment by the attorney due

4

> to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

Hensley, 461 U.S. at 430 n.3. Applying these twelve factors to this case, the Court concludes that attorney fees of $71,090 are reasonable, considering the fact that this case extended over nearly four years and involved six parties, the ultimate award of over $250,000, the notable ability and experience of the attorneys, the four-year relationship between the Plaintiffs and their attorneys, and the significant amount of work Plaintiffs' attorney put into the case, which involved several substantive motions and was twice close to trial.

As for the proper method in calculating attorney fees, "[t]he starting point in determining attorney fees is the lodestar, which is calculated by multiplying the number of hours reasonably expended by the reasonable hourly rates." Fish v. St. Cloud State Univ., 295 F.3d 849, 851 (8th Cir. 2002). To determine a reasonable hourly rate, the Court is to look at "the ordinary rate for similar work in the community where the case has been litigated." Id. Based on its survey and knowledge of the prevailing rates in the community, the Court concludes that the rates sought by Plaintiffs' attorneys are reasonable and not excessive. See Howard Johnson Intern., Inc. v. Inn Development, Inc., 2008 WL 2563463 (D.S.D. June 23, 2008) (stating that "[e]xperienced, partner-level trial counsel in [South Dakota] have received awards of attorneys fees ranging from $200.00 per hour to $225.00

5

per hour in lawsuits"); see also Docket 126, page 2-3; Docket 126-6 (affidavit supporting $200 as ordinary rate for similar work in the community).  Further, the Court has also carefully reviewed Plaintiffs' attorneys' documentation regarding the amount of hours for which they billed, and it concludes that 372.8 total hours is not excessive and is an amount one could expect in such a case.  Also, in a case where over $250,000 in damages was awarded, attorney fees of $71,090 does not seem to this Court to be excessive.  See Fish, 295 F.3d at 852 (stating that the "most critical factor in assessing fees is the degree of success obtained").

For these reasons, the Court concludes that Plaintiffs' calculation of a lodestar of $71,090.00 is a reasonable attorney fee, and it awards that amount to Plaintiffs against Buffalo-Bodega Complex, Inc.  Based on the foregoing, it is hereby

ORDERED that judgment is issued in favor of Crystal Statler, Anna Applegate, and Kara Randen against Buffalo-Bodega Complex, Inc. in the amount of $71,090.00.

Dated October 23, 2008.

                                      BY THE COURT:

                                      /s/ Andrew W. Bogue
                                      ANDREW W. BOGUE
                                      SENIOR DISTRICT JUDGE